## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **KELLY JONES,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **WILMINGTON SAVINGS FUND** | § | **Civil Action No. 1:24-cv-374** |
| **SOCIETY, FSB, NOT IN ITS** | § | |
| **INDIVIDUAL CAPACITY BUT SOLELY** | § | |
| **AS OWNER TRUSTEE FOR VERUS** | § | |
| **SECURITIZATION TRUST 2021-R3,** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT'S ORIGINAL ANSWER AND COUNTERCLAIM AGAINST PLAINTIFF

Defendant/Counter-Plaintiff Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as owner trustee for Verus Securitization Trust 2021-R3 ("Defendant"), files this Original Answer to Plaintiff's Original Petition for Declaratory Judgment and Application for Temporary Restraining Order and Injunctive Relief (the "Petition") and Counterclaim Against Plaintiff/Counter-Defendant Kelly Jones ("Plaintiff"), and respectfully shows as follows:

### I.   ANSWER

1.     Paragraph 1 of the Petition contains a statement regarding the discovery level under the Texas Rules of Civil Procedure, which is not applicable in this Court.

2.     Defendant admits the statement in Paragraph 2 of the Petition.

3.     With respect to the statements and allegations in Paragraph 3 of the Petition, Defendant states that it is correctly named and has appeared herein.

4.      Paragraph 4 Petition contains a statement on subject matter jurisdiction, and Defendant states that this Court has proper subject matter jurisdiction pursuant to 28 U.S.C. Section 1332.

5.      Paragraph 5 Petition contains a statement on personal jurisdiction, and Defendant Court has proper personal jurisdiction over the parties.

6.      Paragraph 6 Petition contains a statement on venue, and Defendant states that this is a court of proper venue because the subject real property is located in Hays County, Texas, which is in this District and Division.

7.      With respect to the statements and allegations in Paragraph 7 of the Petition, Defendant states the stay provision of Rule 736.11 speaks for itself. Defendant denies the remaining statements and allegations contained in Paragraph 7 and demands strict proof thereof.

8.      Defendant admits the statements and allegations in Paragraph 8 of the Petition.

9.      Defendant admits the statements and allegations in Paragraph 9 of the Petition.

10.     Defendant admits the statements and allegations in Paragraph 10 of the Petition.

11.     Defendant admits the statements and allegations in Paragraph 11 of the Petition.

12.     Defendant admits the statements and allegations in Paragraph 12 of the Petition.

13.     Defendant admits the statements and allegations in Paragraph 13 of the Petition.

14.     Defendant admits the statements and allegations in Paragraph 14 of the Petition.

15.     Defendant denies the statements and allegations contained in Paragraph 15 of the Petition and states further that AVT Title Services, LLC is the last appointed Substitute Trustee.

16.     With respect to Paragraph 3 in Section V of the Petition, Defendant states the referenced Deed of Trust speaks for itself. To the extent a further response is required, admit.

17.     Defendant denies the statements and allegations contained in Paragraph 17 of the Petition as written.

18.     Defendant denies the statements and allegations contained in Paragraph 18 of the Petition as written.

19.     Defendant does not have sufficient information to admit or deny the statements in Paragraph 19 of the Petition. To the extent a response is required, denied.

20.     Defendant admits the statements and allegations in Paragraph 20 of the Petition.

21.     Defendant does not have sufficient information to admit or deny the statements in Paragraph 21 of the Petition. To the extent a response is required, denied.

22.     Defendant does not have sufficient information to admit or deny the statements in Paragraph 22 of the Petition. To the extent a response is required, denied.

23.     Defendant denies the statements and allegations contained in Paragraph 23 of the Petition and demands strict proof thereof.

24.     Defendant denies the statements and allegations contained in Paragraph 24 of the Petition and demands strict proof thereof.

25.     Defendant denies the statements and allegations contained in Paragraph 25 of the Petition and demands strict proof thereof.

26.     Defendant denies the statements and allegations contained in Paragraph 26 of the Petition and demands strict proof thereof.

27.     Defendant states that the Constitutional and statutory provisions cited in Paragraph 27 of the Petition speak for themselves.

28.     Defendant admits the statements and allegations in Paragraph 28 of the Petition.

29.     Defendant states that the statutory provision cited in Paragraph 29 of the Petition speaks for itself.

30.     With respect to the statements and allegations in Paragraph 30 of the Petition, Defendant states that the stay provision of Rule 736.11 speaks for itself. Defendant denies the remaining statements and allegations contained in Paragraph 30 and demands strict proof thereof.

31.     Defendant denies the statements and allegations contained in Paragraph 31 of the Petition and demands strict proof thereof.

32.     Paragraph 32 of the Petition contains legal conclusions and no response is required.

33.     Defendant admits the statements and allegations in Paragraph 33 of the Petition.

34.     Defendant denies the statements and allegations contained in Paragraph 34 of the Petition and demands strict proof thereof.

35.     Paragraph 35 of the Petition contains legal conclusions and no response is required.

36.     Paragraph 36 of the Petition contains legal conclusions and no response is required.

37.     Defendant denies the statements and allegations contained in Paragraph 37 of the Petition and demands strict proof thereof.

38.     Defendant denies the statements and allegations contained in Paragraph 38 of the Petition and demands strict proof thereof.

39.     With respect to the statements and allegations in Paragraph 39 of the Petition, Defendant states that the Constitutional and statutory provisions cited speak for themselves.

40.     Defendant admits the statements and allegations in Paragraph 40 of the Petition.

41.     With respect to the statements and allegations in Paragraph 41 of the Petition, Defendant states that the stay provision of Rule 736.11 speaks for itself.

42.     Defendant denies the statements and allegations contained in Paragraph 42 of the Petition and demands strict proof thereof.

43.     Defendant denies the statements and allegations contained in Paragraph 43 of the Petition and demands strict proof thereof.

44.     Defendant denies Plaintiff is entitled the relief requested in Paragraph 44 of the Petition.

45.     Defendant denies the statements and allegations contained in Paragraph 45 of the Petition and demands strict proof thereof.

46.     Defendant denies the statements and allegations contained in Paragraph 46 of the Petition and demands strict proof thereof.

47.     Defendant denies the statements and allegations contained in Paragraph 47 of the Petition and demands strict proof thereof.

48.     Defendant denies the statements and allegations contained in Paragraph 48 of the Petition and demands strict proof thereof.

49.     Defendant denies Plaintiff is entitled the relief requested in Paragraph 49 of the Petition.

50.     Defendant denies Plaintiff is entitled the relief requested in Paragraph 50 of the Petition.

51.     Defendant denies Plaintiff is entitled the relief requested in Paragraph 51 of the Petition.

52.     Defendant denies Plaintiff is entitled the relief requested in Paragraph 52 of the Petition.

53.     Defendant denies Plaintiff is entitled the relief requested in Paragraph 53 of the Petition.

a.  Defendant denies Plaintiff is entitled the relief requested in Paragraph 53(1) of the Petition.

b.  Defendant denies Plaintiff is entitled the relief requested in Paragraph 53(2) of the Petition.

c.  Defendant denies Plaintiff is entitled the relief requested in Paragraph 53(3) of the Petition.

## II. AFFIRMATIVE DEFENSES

Defendant raises the following defenses:

1.     Some or all of Plaintiff's claims and causes of action are barred, in whole or in part, because Plaintiff has failed to state a claim upon which relief may be granted.

2.     Some or all of Plaintiff's claims and causes of action are barred by the doctrines of judicial estoppel, res judicata, and collateral estoppel.

3.     Some or all of Plaintiff's claims and causes of action are barred, in whole or in part, because one or more of the material obligations of the note and security instrument have not been satisfied.

4.     Some or all of Plaintiff's claims and causes of action are barred, in whole or in part, by the equitable doctrine of waiver.

5.     Some or all of Plaintiff's claims and causes of action are barred, in whole or in part, by the Parol Evidence Rule.

6.       Some or all of Plaintiff's claims and causes of action are barred, in whole or in part, by the applicable statute of limitations.

7.       Some or all of Plaintiff's claims and causes of action are barred, in whole or in part, by the waiver provisions contained in the security instrument at issue in this lawsuit.

8.       Any alleged wrongful acts or omissions of Defendant, if and to the extent such acts or omissions occurred, were legally excused or justified and were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

9.       Some or all of Plaintiff's claims and causes of action are barred, in whole or in part, by the failure of a condition precedent.

10.      Defendant's actions and omissions were undertaken in good faith, with the absence of malicious intent to injure Plaintiff, and constitute lawful, proper, and justified means to further the business purposes of Defendant. Any purported conduct of individuals who were or are agents of Defendant was privileged, and those individuals were and are justified in engaging in the conduct attributed to them. Defendant pleads all statutory and common law privileges that may apply to their conduct and those of their agents.

11.      While Defendant denies that Plaintiff suffered any injury, any injury sustained by Plaintiff is the result of the acts or omissions of third parties, over which Defendant exercised no control.

12.      While Defendant denies that Plaintiff suffered any damages, Plaintiff's damages, if any, were proximately caused by the acts, omissions, or breaches of other persons and entities, including Plaintiff, and said acts, omissions, or breaches were intervening and superseding causes of Plaintiff's damages, if any.

13.     Some or all of Plaintiff's claims and causes of action are barred, in whole or in part, by the "one satisfaction" and "con-tort" doctrines.

14.     Some or all of Plaintiff's claims and causes of action are barred, in whole or in part, by the "economic loss" doctrine.

15.     Plaintiff failed to mitigate and/or minimize her purported damages.

16.     Defendant claims all offsets and credits available to it.

17.     Plaintiff's claims are barred by the statute of frauds.

18.     Some or all of Plaintiff's claims and causes of action fail for lack of consideration.

19.     Some or all of Plaintiff's claims and causes of action are barred by Plaintiff's prior breach of contract.

20.     Some or all of Plaintiff's claims and causes of action are barred by the doctrine of equitable estoppel.

21.     Defendant reserves the right to assert any defenses, affirmative defense(s), and matter(s) in avoidance as may be disclosed during the course of additional investigation and discovery.

22.     Defendant asserts the defense of release.

23.     Defendant asserts the defense of equitable subrogation.

24.     Defendant asserts the defense of waiver.

25.     Defendant asserts the defenses of estoppel, quasi estoppel and estoppel by contract.

26.     Plaintiff fails to state a claim upon which relief may be granted.

## III. COUNTERCLAIM AGAINST PLAINTIFF

**A.    Parties**

1.      Defendant/Counter-Plaintiff Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as owner trustee for Verus Securitization Trust 2021-R3 ("Defendant"), has previously appeared herein through the undersigned counsel.

2.      Plaintiff/Counter-Defendant Kelly Jones ("Plaintiff") has previously appeared herein and may be served through her counsel of record.

**B.    Property**

3.      This proceeding concerns the real property and improvements commonly known as 12250 Trautwein Road, Austin, Texas 78737 and more particularly described as:

> LOTS 1 AND 2, BLACK KING BARTON SUBDIVISION, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN VOLUME 13, PAGE 305, PLAT RECORDS, HAYS COUNTY, TEXAS

(the "Property").

**C.    Jurisdiction and Venue**

4.      There is diversity jurisdiction in this Court because there is complete diversity of citizenship between Plaintiff and Defendant, and more than $75,000.00 is in controversy, exclusive of interest and costs.  28 U.S.C. § 1332.

5.      The amount in controversy exceeds the sum or value of $75,000.00.  The value of the Property exceeds $75,000.00.

6.      Venue is proper in this Court because the Property is located in Hays County, Texas.

**D.    Facts**

7.      The foregoing paragraphs are incorporated by reference for all purposes.

8.      On or about January 28, 2019, Plaintiff executed a *Texas Home Equity Fixed/Adjustable Rate Note* (the "Note") in the original principal amount of $400,000.00 payable to Recovco Mortgage Management, LLC. The Note contains a blank indorsement.

9.      Concurrently with the execution of the Note, Plaintiff executed a *Texas Home Equity Security Instrument* (the "Security Instrument") securing the repayment of the Note with the Property. (The Note and Security Instrument shall collectively be referred to as the "Loan" or "Loan Agreement.") In the Security Instrument, Recovco Mortgage Management, LLC is identified as the Lender. The Security Instrument was recorded in the Official Records of Hays County, Texas at Document 19003408.

10.     Defendant is the current owner and holder of the Loan Agreement.

11.     Specialized Loan Servicing, LLC ("SLS") services the Loan on behalf of Defendant.

12.     The Note is currently in default. Plaintiff is due and owing for the July 2022 payment and all subsequent payments. As of April 28, 2023, at least $436,162.82 was due and owing on the Loan Agreement.

13.     On August 16, 2022, SLS mailed written Notice of Default and Intent to Accelerate in the United States mail, postage pre-paid, via certified mail to Plaintiff at the Property address, 12250 Trautwein Road, Austin, Texas 78737.

14.     On November 18, 2922, counsel for Defendant mailed written Notice of Acceleration in the United States mail, postage pre-paid, via certified mail to Plaintiff at the Property address, 12250 Trautwein Road, Austin, Texas 78737.

**E.      Cause of Action: Suit for Foreclosure**

15.     The foregoing paragraphs are incorporated by reference for all purposes.

16.     Defendant asserts a cause of action for foreclosure against Plaintiff. The Loan is a contract, and Defendant fully performed its obligations under it. Plaintiff, however, did not comply with the Loan by failing to substantially perform material obligations required under its terms (principally, the payment of amounts due under the contract, among others).

17.     Defendant seeks a judgment for judicial foreclosure allowing it to enforce its lien against the Property in accordance with the Security Instrument and Texas Property Code section 51.002.

18.     Alternatively, Defendant seeks a judgment for foreclosure together with an order of sale issued to the Dallas County sheriff or constable, directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt, pursuant to Texas Rule of Civil Procedure 309.

19.     Defendant has been forced to hire the undersigned attorneys to seek an order allowing foreclosure as a result of Plaintiff's failure to comply with the Loan. Defendant is therefore entitled to and seeks judgment against Plaintiff for its reasonable attorney fees in this action, both through trial and in the event of a subsequent appeal, as further obligation on the debt under the Loan only and not as a personal judgment against Plaintiff.

20.     All conditions precedent to Defendant's right to enforce the Loan and to obtain the relief requested herein have been performed or have occurred.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays the Court enter judgment that: Plaintiff take nothing on her claims; Defendant have and recover judgment allowing it to proceed with foreclosure in accordance with the Security Instrument and Texas Property Code section 51.002, or judicial foreclosure under Texas Rule of Civil Procedure 309, plus Defendant recover its interest and attorneys' fees, and all costs of suit; and enter sanctions against Plaintiff as set forth above herein. Defendant further requests such other and further relief to which it may be entitled.

Respectfully submitted,

By:  /s/ Mark D. Cronenwett
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**MACKIE, WOLF, ZIENTZ & MANN, PC**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served via U.S. mail on the following counsel of record on April 9, 2024:

James Minerve
13276 N Highway 183, Ste. 209
Austin, TX 78750

/s/ Mark D. Cronenwett
**MARK D. CRONENWETT**